UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 8:17-cr-407-T-33TGW

IGNACIO AVILES

_____/

**ORDER**

This matter comes before the Court upon consideration of pro se Defendant Ignacio Aviles's "Motion to Request Two Level Reduction Under U.S.S.G. § 3B1.2(b)" (Doc. # 73), filed on September 17, 2020. The United States responded on October 13, 2020. (Doc. # 76). For the reasons set forth below, the Motion is denied.

I.  **Background**

On January 23, 2018, the Court sentenced Aviles to 108 months' imprisonment for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. # 68).

In the Motion, Aviles requests that the Court "modify his sentence and apply a two offense level reduction in his case" under U.S.S.G. § 3B1.2(b), Amendment 794. (Doc. # 73).

The United States has responded. (Doc. # 76). The Motion is now ripe for review.

## II. Discussion

In the Motion, Aviles argues that Amendment 794 to U.S.S.G. § 3B1.2(b) allows this Court to reduce his sentence. (Doc. # 73). The United States counters that "Amendment 794 of the U.S.S.G went into effect on November 1, 2015, over two years prior to defendant's sentencing," and is therefore inapplicable. (Doc. # 76 at 2). The Court concludes that it has no basis to reduce Aviles's sentence.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). One such exception arises when a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2).

Aviles argues that his sentence may be reduced under Amendment 794 to the Sentencing Guidelines. (Doc. # 73). Although Amendment 794 altered guideline ranges for certain offenses, it became effective November 1, 2015. U.S. Sentencing Guidelines Manual app. C, amend. 794 (2015). Aviles was sentenced on January 23, 2018, over two years after the amendment became effective. (Doc. # 97). Thus, even if the crime for which Aviles was sentenced was impacted by the

Amendment, any changes to the guidelines were already in place by the time he was sentenced by this Court. As Aviles offers no other basis for the Court to reduce his sentence, the Motion is denied. See United States v. Jackson, No. 2:15-cr-20150-001, 2019 WL 4228896, at *1 (W.D. Tenn. Sept. 5, 2019) (denying a motion to reduce sentence after determining that the defendant had "already received the benefit" of an amendment to the Sentencing Guidelines).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Ignacio Aviles's pro se "Motion to Request Two Level Reduction Under U.S.S.G. § 3B1.2(b)" (Doc. # 73) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of October, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE