UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.     Case No.: 8:17-cr-407-VMC-TGW

IGNACIO AVILES
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Ignacio Aviles's pro se Motion for Compassionate Release (Doc. # 78), filed on April 26, 2021. The United States responded under seal on May 19, 2021. (Doc. # 82). For the reasons set forth below, the Motion is denied.

**I. Background**

In January 2018, the Court sentenced Aviles to 108 months' imprisonment for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. # 68 at 1-2). Aviles is thirty-nine years old and his projected release date from McRae Correctional Facility is May 13, 2025. (Doc. # 82 at ¶ 4).

In the Motion, Aviles seeks compassionate release from prison under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of his medical conditions, which

1

include latent tuberculosis infection, a history of the common cold, fever, hyperlipemia, hyperlipidemia, and a screening for tuberculosis, among other things. (Doc. # 78 at 2, 6). The United States has responded (Doc. # 82), and the Motion is now ripe for review.

II. **Discussion**

The United States argues that "Aviles presents no 'extraordinary or compelling reasons' that would justify granting the instant motion, even if he has exhausted his administrative remedies." (Doc. # 82 at 4). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Aviles argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Even assuming that Aviles has exhausted his administrative remedies, the Motion is denied because he has not demonstrated that his circumstances are extraordinary and compelling. The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence.").

Aviles bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Here, Aviles cites to a number of underlying "active" medical conditions, which include latent tuberculosis infection, a history of the common cold, fever, hyperlipemia, hyperlipidemia, screening for tuberculosis, abdominal, back, and thigh pain, anxiety, decreased visual acuity, myopic astigmatism, pterygium, head ache, and a tooth ache. (Doc. # 78 at 2, 6). However, Aviles has not demonstrated that these conditions are serious such that they substantially diminish his ability to provide self-care in prison. See USSG § 1B1.13, comment. (n.1); see also United States v. Auguste, No. 1:00-cr-00485-UU-4, 2020 WL 7635930, at *1-2 (S.D. Fla. Aug. 17, 2020) (denying an inmate's pro se motion for compassionate release who suffered from obesity and a latent tuberculosis infection); United States v. Rodriguez-Orejuela, 457 F. Supp. 3d 1275, 1282-83 (S.D. Fla. 2020) (denying a defendant's request for compassionate release who was diagnosed with cancer, hypertension, chronic anxiety and depression, hyperlipemia, hyperplasia, and gout, among other things);

4

United States v. Contreras, 504 F. Supp. 3d 1052, 1055-59 (D.S.D. 2020) (finding that a hyperlipidemia diagnosis did not warrant compassionate release); United States v. Richardson, No. 17-CR-22, 2021 WL 1338329, at *6-7 (E.D. Wis. Apr. 9, 2021) (denying a motion for compassionate release for a defendant diagnosed with the common cold and symptoms of "shortness of breath, chest tightness, and low grade fever"). Indeed, Aviles' medical records indicate that his medical conditions are being managed. (Doc. # 82-2). And, even if the Court could consider "other reasons" warranting compassionate release, none of Aviles's arguments establish that his circumstances are extraordinary and compelling.

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of his crime. The nature and circumstances of this case involved the smuggling of over five kilograms of cocaine into the United States. (Doc. # 31 at 20-21). Just under four years of Aviles's term of incarceration remains and the Court finds that the need for deterrence weighs against release at this time. (Doc. # 82 at ¶ 4).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Ignacio Aviles's pro se Motion for Compassionate Release (Doc. # 78) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of July, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE